THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
FRANCISCO GARCÍA ROBLES, Defendant and Appellant.

Nos. CR-65-436     Decided November 2, 1966.
CR-65-437.

*Francisco García Robles, pro se. César Andréu Ribas* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Manuel Tirado, Assistant Solicitor General,* for The People.

PER CURIAM: In or about the year 1961 appellant was granted the benefit of certain suspended sentences after having been convicted of two violations of the Narcotics Act.

On December 11, 1964, the probation officer, Luis F. Pieraldi, filed a motion for the revocation of the probation granted appellant on the ground that the latter had violated

three of the conditions of the conditional release conferred upon him, to wit:

"4. He shall appear before the probation officer of this Court, during the day of each month assigned to him. If extraneous reasons prevent him from doing so, he shall immediately communicate in writing to the probation officer the reasons which prevented him and he shall appear in person on the nearest possible date to that assigned to him.

5. He shall remain constantly and uninterruptedly within the territorial jurisdiction comprised by the Ponce Part of the Superior Court: Ponce, Santa Isabel, Juana Díaz, Villalba, Peñuelas, Orocovis, Guánica, Yauco, Adjuntas, Coamo, Guayanilla, and Jayuya. Whenever he needs to go out beyond said territory, he shall request permission from the probation officer.

9. He shall avoid the company of persons of ill reputation, he shall not enter bars, places where games of chance are played and centers of dubious reputation." (Report of the Solicitor General, pp. 1, 2.)

During December 22 and 23 the corresponding hearing was held. The prosecuting attorney as well as the probation officer introduced oral and documentary evidence.

On December 24 of the same year the trial court entered an order amended on the 29th of the same month and year, revoking the orders on suspended sentences and ordering that the defendant be submitted to serve the sentences. Against said order appellant filed the following

*"Notice of Appeal*

"To the District Attorney and to the Secretary of the Ponce Part:—

The defendant informs that not being in agreement with the Order of December 24, 1964, as amended on December 29, 1964, entered by Mr. Quintín Morales Ramírez, Judge of the Superior Court, revoking, at the request of the Probation Officer, E. [*sic*] Pieraldi, the probation which defendant was enjoying since he was sentenced on August 17, 1961 by Mr. Antonio J. Matta on

the criminal causes above-mentioned, and ordering his confinement in the penitentiary to serve therein the sentences of from five to ten years and from five to ten years in the penitentiary at hard labor, he APPEALS from said order before the Supreme Court of Puerto Rico, and respectfully requests from the trial court that a complete, true and faithful transcript of the record be made by the stenotypist who intervened at the hearing of said motion for revocation of probation of everything which occurred, oral testimony and documentary evidence, as well as the objections, exceptions, rulings, etc., for the purpose of sending said transcript, once finally approved, to the Supreme Court.

Ponce, Puerto Rico, December 29, 1964.

> (Signed)    C. Andréu Ribas
> C. ANDREU RIBAS
>
> Defendant's Counsel
> Box 3066, San Juan, P.R.

Served today, December 29,
1964, with copy of this notice
    (Signed)
    District Attorney
    (Signed)
    Acting Secretary."
(Part II, Original Record, p. 57.)

Appellant assigns the commission of several errors, the majority of them attacking the weighing of the evidence made by the Superior Court.

The Solicitor General has moved for the dismissal of the appeal for lack of jurisdiction.

According to Rule 193 of the Rules of Criminal Procedure, appeals to this Court are taken from final judgments entered in criminal actions originating in the Superior Court. Said rule expressly provides that the defendant may take an appeal to the Supreme Court from a final judgment of conviction entered by the Superior Court in a prosecution originating therein, except in cases of conviction upon a

plea of guilty which may be reviewed by certiorari only to be issued by the Supreme Court at its discretion.

■ The decision appealed from in this case reversing orders granting defendant the benefit of suspended sentences is not a judgment from which appeal may be taken. The word "sentence" means the pronouncement made by the court as to the punishment imposed on the defendant. Rule 162 of the Rules of Criminal Procedure. The Rules grant the taking of appeal to this Court from the sentences defined in Rule 162 and not from decisions of another nature. See *People* v. *Matos Rodríguez*, 91 P.R.R. 616 (1965) and *People* v. *Oliveras*, judgment of May 14, 1965.

■ On the other hand, the act which establishes the suspended sentence and empowers the court to revoke it does not grant the right of appeal exercised by defendant-appellant in this case. See 34 L.P.R.A. § 1027 *et seq.*

For the reasons stated the appeal will be dismissed for lack of jurisdiction.